IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-206 (1) |
| | § | C.A. No. C-06-17 |
| RODOLFO FRANCO DE LEON, | § | |
|     Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Rodolfo Franco De Leon's ("De Leon") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 102),[1] which was received by the Clerk on January 12, 2006. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. De Leon's motion is subject to dismissal because the sole claim he raises therein, a claim for relief pursuant to United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005),[2] is barred by his valid and enforceable waiver of § 2255 rights.

For this reason, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES De Leon a Certificate of Appealability.

---

[1] Dockets entries refer to the criminal case, C-03-cr-206.

[2] For purposes of this Order, familiarity with the holdings in Booker is assumed.

1

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II.  FACTS AND PROCEEDINGS

On August 13, 2003, De Leon was charged in a superseding four-count indictment with: (1) knowingly and intentionally possessing with intent to distribute approximately 470 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) ("Count 1s"); (2) knowingly and intentionally conspiring to possess with intent to distribute more than five kilograms of cocaine and more than one thousand kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 ("Count 2s"); (3) knowingly and intentionally possessing with intent to distribute approximately 6 kilograms of cocaine and 251 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A) ("Count 3s"); and (4) knowingly and intentionally possessing with intent to distribute approximately 251 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) ("Count 4s"). (D.E. 16).

On September 29, 2003, De Leon pleaded guilty to Count 3s pursuant to a written plea agreement.  (D.E. 46, 47).  In exchange for his guilty plea to that count and his waiver of appellate and § 2255 rights (discussed below), the government agreed to move for the dismissal of the remaining counts at sentencing, to recommend that De Leon receive maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the applicable guideline range. (D.E. 47).

The plea agreement contained a voluntary waiver of De Leon's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the
> right to appeal the sentence imposed.  The defendant waives the right

> to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States as set forth in Title 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 47 at ¶ 7) (emphasis in original).

At De Leon's rearraignment, repeated references were made to the waiver. First, the Court inquired as to whether the plea agreement contained a waiver of appellate rights and 2255 rights, and was informed that it did. (Digital Recording of Rearraignment ("R. Rec.") at 10:15).

Additionally, when the prosecutor summarized the written plea agreement, she expressly noted that the plea agreement contained a waiver of appellate rights and § 2255 rights, and even read portions of the waiver provision, including the entirety of the § 2255 waiver, into the record. (R. Rec. at 10:22). After that summary was given, De Leon testified that the summarized agreement was his, that he understood it, and that it was the entire agreement. (R. Rec. at 10:23). De Leon also reviewed the written agreement. He testified that it was his agreement, that he signed the last page, and that he had read it and discussed it completely with his attorney before he signed it. (R. Rec. at 10:24).

The Court questioned De Leon under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion. In ensuring that his waiver of § 2255 rights was voluntary, the Court asked De Leon:

> **THE COURT:** Also, you have another way to try to set aside your conviction and that is by what's called a post-conviction remedy, or a habeas corpus, a statutory 2255. Whether or not you appeal, you would still have the right to try to set aside your conviction for reasons

3

>of jurisdiction, or constitutionality, or reasons of ineffective assistance of counsel. If you go forward with this plea, you're giving up that right. Do you understand that?
>
>**THE DEFENDANT:** Yes, ma'am.

(R. Rec. at 10:17-10:18). De Leon further testified that no one had forced him to plead guilty or offered him leniency in exchange for his plea, including a motion for downward departure or safety valve, and that his decision to plead guilty was "entirely voluntary." (R. Rec. at 10:23-10:24, 10:28). It is clear from the foregoing that De Leon's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced De Leon on December 15, 2003 to 135 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $1000 fine and a $100 special assessment. (D.E. 68, 72). Judgment of conviction and sentence was entered December 23, 2003. (D.E. 72). Consistent with his waiver of appellate rights, De Leon did not appeal. On August 21, 2005, the Court entered an amended judgment, sentencing De Leon to 90 months in the custody of the Bureau of Prisons, and leaving the remaining portions of his sentence unchanged. (D.E. 101). Again, De Leon did not appeal.

De Leon's § 2255 motion is deemed filed as of August 10, 2006. It is timely as to his amended judgment.

### III. MOVANT'S ALLEGATIONS

De Leon's motion advances only one ground for relief: that his sentence is unconstitutional pursuant to Booker. He argues that his sentence is unconstitutional because his sentence was enhanced based on facts that were neither admitted by him, nor found by a jury beyond a reasonable doubt. As discussed herein, De Leon has waived his right to file a § 2255 motion, and his claim falls squarely

4

within the scope of his waiver.  Thus, his motion is subject to dismissal.

## IV.  DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

The Court need not address whether De Leon's motion is barred because he has procedurally defaulted.  Rather, the Court concludes that he waived his right to file the claim in his § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker).

**B.     Waiver of § 2255 Rights**

It is clear from the rearraignment recording that De Leon understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver.  See supra at pp. 2-4; see Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up).  De Leon's sworn

statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements here clearly support a finding that De Leon's wavier was knowing and voluntary. His Booker claim falls within the scope of that waiver. Thus, his motion is not properly before the Court. See generally Wilkes, supra; White, supra.

Moreover, the fact that Booker was not decided until after De Leon signed his waiver does not place his claim outside the scope of the waiver. The Fifth Circuit has clearly held that "Blakely[3] and Booker do not alter the plain meaning of appeal-waiver provisions in valid plea agreements." McKinney, 406 F.3d at 746-47 & n.5; see also, e.g., United States v. Killgo, 397 F.3d 628, n.2 (8th Cir. 2005) (enforcing waiver of appeal rights as to Sixth Amendment claim, noting that "[t]he fact that [defendant] did not anticipate the Blakely or Booker rulings does not place the issue outside the scope of his waiver"); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005) (upholding waiver of appeal rights signed prior to Blakely in case raising Booker claim); United States v. Bradley, 400 F.3d 459, 465-66 (6th Cir. 2005) (enforcing defendant's waiver of appeal signed prior to Booker as barring his Booker claim and collecting federal circuit court authority in agreement).

For all of the foregoing reasons, De Leon's motion is barred by his waiver and is therefore DISMISSED WITH PREJUDICE.

C.     **Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus

---

[3] Blakely v. Washington, 124 S. Ct. 2531 (2004), Booker's predecessor, dealt with a state's sentencing guidelines. The Booker court extended the reasoning of Blakely to the federal guidelines.

proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although De Leon has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether De Leon has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists would not disagree that the claims raised in his motion are barred due to his waiver. Accordingly, De Leon is not entitled to a COA.

## V.  CONCLUSION

For the foregoing reasons, De Leon's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (D.E. 102) is DISMISSED WITH PREJUDICE.  Additionally, De Leon is DENIED a Certificate of Appealability.

It is so ORDERED this 17th day of March, 2006.

_____
Janis Graham Jack
United States District Judge